**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MOHAMED BEN-ALI LAHMAR, | Case No. 2:18-cv-00651-APG-PAL |
| Petitioner, | **ORDER** |
| v. | |
| ATTORNEY GENERAL, | |
| Respondent. | |

Petitioner Mohamed Ben-Ali Lahmar filed a petition for a writ of habeas corpus. ECF No. 5. This court is unable to give him any relief, so I deny the petition.

Petitioner is a citizen of Tunisia who entered the United States on a visitor's visa. ECF No. 9-1, at 2. He overstayed that visa. *Id.* Removal proceedings started against him in Portland, Oregon. Petitioner then was convicted of misdemeanor battery--domestic violence in North Las Vegas, Nevada and he served a short jail sentence. *Id.* at 2-3. The Department of Homeland Security then took him into custody—he now is detained at the Henderson Detention Center— and transferred the removal proceedings to Las Vegas. *Id.* The immigration judge ordered petitioner removed from the country and the Board of Immigration Appeals affirmed that order. *Id.* Petitioner petitioned for review to the Court of Appeals for the Ninth Circuit, which denied the petition in part and dismissed it in part. Petitioner has filed a petition for panel rehearing, which is pending. *Lahmar v. Barr*, No. 18-70990.

In this action, Petitioner asks me to order an individualized bond hearing or to order him released from detention. Petitioner does not challenge the validity of his removal order in these proceedings. Nonetheless, I am unable to grant him any relief.

To the extent that Petitioner is requesting me to order a bond hearing, he already has received several.[1] Petitioner had individualized bond hearings in April 2017, August 2017,

---

[1] The statute under which petitioner is detained, 8 U.S.C. § 1226(a), does not require periodic bond hearings. Jennings v. Rodriguez, 138 S. Ct. 830 (2018).

1    March 2018, and August 2018. ECF No. 9-1, at 3-4; ECF No. 13, at 4.  Any relief I could order

2    would be redundant to what Petitioner has received.

3            To the extent that Petitioner was dissatisfied with the outcomes of those hearings, he

4    cannot use a habeas corpus petition to reverse the outcomes.  "No court may set aside any action

5    or decision by the Attorney General under this section regarding the detention or release of any

6    alien or the grant, revocation, or denial of bond or parole."  8 U.S.C. § 1226(e).[2]  This court lacks

7    jurisdiction to consider such a claim.

8            To the extent that Petitioner claims he is being held too long, he has not demonstrated that

9    he is entitled to relief.  An alien may not be held indefinitely pending the outcome of removal

10   proceedings under 8 U.S.C. § 1226(a). *Prieto-Romero v. Clark*, 534 F.3d 1053, 1062-63 (9th Cir.

11   2008).  However, petitioner's removal order is administratively final. ECF No. 9-1, at 4.  The

12   Department of Homeland Security has obtained travel documents to return him to Tunisia. *Id.*  If

13   Petitioner does not succeed with his petition for review currently in the court of appeals, then his

14   removal order will be judicially final.  Petitioner can be returned to Tunisia soon after that.

15   "Although his removal has certainly been delayed by his pursuit of judicial review of his

16   administratively final removal order, he is not stuck in a 'removable-but-unremovable limbo[.]'"

17   *Prieto-Romero*, 534 F.3d at 1063 (citations omitted).  Under these circumstances, Petitioner is not

18   being held indefinitely.

19           This order is neither a "final order in a habeas corpus proceeding in which the detention

20   complained of arises out of process issued by a State court," nor is it "the final order in a

21   proceeding under [28 U.S.C. §] 2255."  A certificate of appealability is unnecessary. *See* 28

22   U.S.C. § 2253(c)(1).

23   / / / /

24   / / / /

25

26   ───────────────
     [2]       The court does have jurisdiction to consider claims of constitutional error or legal error.
     *Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011) (citing *Demore v. Kim*, 538 U.S. 510, 516-

27   17 (2003)).  However, other than a vague mention of the due process clause, Petitioner does not
     allege constitutional error or legal error.  He simply disagrees with the decision not to release him

28   on bond.

                                                    2

1    IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus **(ECF No. 5)**

2  **is DENIED**.  The clerk of the court shall enter judgment accordingly and close this action.

3       DATED: March 28, 2019.

4                                                     _____
                                                      ANDREW P. GORDON
5                                                     United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28